UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHERYL W.,<br><br>                     Petitioner,<br><br>   v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security<br>Administration,[1]<br><br>              Respondent. | Case No. 4:20-CV-00078-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Cheryl W.'s Petition for Review of the final decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits filed February 13, 2020. (Dkt. 1.) The Court has reviewed the Petition, the Answer, the parties' memoranda, and the administrative record (AR). For

---

[1] Kilolo Kijakazi is substituted for Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d). Kijakazi became the Acting Commissioner of Social Security Administration on July 9, 2021.

**MEMORANDUM DECISION AND ORDER - 1**

the reasons that follow, the Court will grant the Petition and remand the ALJ's decision for further proceedings.

## BACKGROUND

On September 21, 2016, Petitioner protectively filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. Both applications allege disability beginning on June 1, 2015.

Petitioner is a high school graduate with prior work experience as a kitchen helper, child care attendant, and crossing guard. Petitioner meets the insured status requirements through September 30, 2020. At the time of the alleged onset date, Petitioner was 46 years of age. Petitioner claims she is unable to work due to degenerative disc disease, bulging discs in her back, problems with her fingers and hands, severe weakness in both legs, and hip pain. The applications were denied initially and on reconsideration.

A hearing was conducted on September 19, 2018, before Administrative Law Judge (ALJ) Michael A. Kilroy. After hearing testimony from Petitioner and a vocational expert, the ALJ issued a decision finding Petitioner not disabled on December 11, 2018. (AR 14-26.) The Appeals Council denied Petitioner's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Petitioner timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1.) The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## ISSUES PRESENTED

1)      Whether the AJL erred by failing to properly consider the borderline age situation.

2)      Whether the ALJ erred by failing to properly consider the treating physician's opinion evidence.

3)      Whether the ALJ erred in evaluating Petitioner's symptom statements.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support, the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-

26 (9th Cir. 2009).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## THE ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Petitioner had not engaged in substantial gainful activity since June 1, 2015, the alleged onset date. (AR 16.) At step two, the ALJ determined Petitioner had the following severe impairments: degenerative disc disease of the lumbar spine; obesity; thyroid disorder with history of partial removal; and bilateral carpal tunnel syndrome. (AR 16.) The ALJ recognized other impairments in the record - hysterectomy and bilateral salpingo-oophorectomy; colostomy resection; hernia repair; constipation, mild to moderate pericardial effusion; asthma; mild fatty liver; bursitis; and lower extremity weakness potentially related to neuropathy - but concluded these

**MEMORANDUM DECISION AND ORDER - 4**

conditions to be nonsevere. (AR 17-19.)

At step three, the ALJ found Petitioner did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (AR 19.) The ALJ next assessed Petitioner's residual functional capacity ("RFC") and determined she could perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a), with some postural and environmental limitations. (AR 20-23.)

At step four, the ALJ found Petitioner unable to perform past relevant work. (AR 23-24.) At step five, the ALJ found that, considering Petitioner's age, education, work experience, and RFC, she could perform jobs that existed in significant numbers in the national economy, including food and beverage order clerk, charge account clerk, and information clerk. (AR 25.) Thus, the ALJ concluded plaintiff was not disabled.

## DISCUSSION

Petitioner contends the ALJ erred by failing to properly consider the borderline age situation presented in this case. (Dkt. 22.)

## 1.    Legal Standard

Where, as here, a claimant makes a prima facie showing of disability by establishing that she suffers from a severe impairment that prevents her from doing past relevant work, the burden shifts to the Commissioner to show at step five that the claimant can perform some other work that exists in significant numbers in the economy taking into consideration the claimant's RFC, age, education, and work experience." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (citing

*Tackett*, 180 F.3d at 1100); *see also* (AR16).

The Commissioner can meet this burden by relying on the testimony of a vocational expert or by referring to the Medical-Vocational Guidelines ("the Grids") at 20 C.F.R. Pt. 404, Subpt. P, App. 2. *Lockwood*, 616 F.3d at 1071. "The grids are matrices of the four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Id*. With regard to age, the Grids separate claimants into three age categories: "younger person (under age 50), person closely approaching advanced age (age 50-54), and person of advanced age (age 55 or older)." *Id*. (citing 20 C.F.R. § 404.1563(c)-(e)).

A borderline age situation is presented where the claimant is "within a few days to a few months of reaching an older age category" and would be found "not disabled" if the category for the claimant's chronological age were used, but "disabled" if the older age category is applied. 20 C.F.R. § 404.1563(b); *Lockwood*, 616 F.3d at 1071. The regulations state that the Social Security Administration "will use the age categories" when making a finding about a claimant's ability to work, but clarify:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

20 C.F.R. § 404.1563(b). Thus, in borderline age cases, the ALJ must consider whether to

**MEMORANDUM DECISION AND ORDER - 6**

use the older age category rather than the category assigned to claimant's chronological

age. *Lockwood*, 616 F.3d at 1071. However, "[i]t is clear from the text of this regulation

that an ALJ is not required to use an older age category, even if the claimant is within a

few days or a few months of reaching an older age category." *Id.*

In *Lockwood*, the Ninth Circuit concluded that the ALJ's decision "satisfied the

requirement that she consider whether to use the older age category" where:

> The ALJ mentioned in her decision Lockwood's date of birth and found
> that Lockwood was 54 years old and, thus, a person closely approaching
> advanced age on the date of the ALJ's decision. Clearly the ALJ was aware
> that Lockwood was just shy of her 55th birthday, at which point she would
> become a person of advanced age. The ALJ also cited to 20 C.F.R. §
> 404.1563, which prohibited her from applying the age categories
> mechanically in a borderline situation. Thus, the ALJ's decision shows that
> the ALJ knew she had discretion "to use the older age category after
> evaluating the overall impact of all the factors of [Lockwood's] case." 20
> C.F.R. § 404.1563(b). Finally, we are satisfied the ALJ did not "apply the
> age categories mechanically" because the ALJ "evaluat[ed] the overall
> impact of all the factors of [Lockwood's] case" when the ALJ relied on the
> testimony of a vocational expert before she found Lockwood was not
> disabled. *Id.*

*Id.* at 1071-72. Following *Lockwood*, courts have evaluated three factors to determine

whether there is sufficient evidence to show that the ALJ considered the borderline age

issue. *See Jeffrey John C. v. Comm'r Soc. Sec. Admin.*, No. 6:19-cv-01990-YY, 2021 WL

677900, at * 2-4 (D. Or. Feb. 22, 2021); *Janice B.R. v. Saul*, No. 2:18-cv-06039, 2019

WL 4140921, at *3-4 (C.D. Cal. Aug. 29, 2019) (citing cases). Namely, whether the

record reflects that: 1) the ALJ was clearly aware of the Petitioner's age and the

applicable age categories; 2) the ALJ knew he or she had discretion to use the older age

category under 20 C.F.R. § 404.1563(b); and 3) the ALJ did not apply the age categories mechanically. *Id*.

## 2.    Analysis

Here, Petitioner was forty-nine years of age on the date the ALJ issued his decision and, thus, fell within the "younger person" age category of the regulations. (AR 24); *Little v. Berryhill*, 690 F.App'x 915, 917 (9th Cir. 2017) (Claimant's age is calculated as of the date of the ALJ's decision.); *Lockwood*, 616 F.3d at 1071-71 (same); 20 C.F.R. §§ 404.1563(c)-(e), 416.963(c)-(e).[2] Critically, Petitioner was four months shy of her fiftieth birthday, at which time she would be considered in the next higher age category of a "person closely approaching advanced age." *See* 20 C.F.R. §§ 404.1563(c)-(d); 416.963(c)-(d). Nevertheless, the ALJ categorized Petitioner as a "younger person" in making the step five determination and concluding Petitioner was not disabled. (AR 24-25.)

It is undisputed that this presented a borderline age situation that the ALJ was required to consider. (Dkt. 22, 23); *see Steven B.C. v. Comm'r Soc. Sec. Admin.*, 452 F.Supp.3d 957, 961 (D. Or. 2020) (recognizing a borderline situation was presented where claimant's age category would change in less than six months). However, there is no evidence that the ALJ considered Petitioner's borderline age situation when evaluating

---

[2] 20 C.F.R. §§ 404.1563 and 416.963 are nearly identical. *Lockwood* considered the ALJ's reference to 20 C.F.R. § 404.1563, which applied in that case because the claimant sought benefits solely under Title II of the Social Security Act. Here, in contrast, Petitioner seeks a period of insurance benefits under Title II as well as supplemental security income benefits under Title XVI of the Act. Thus, the ALJ's decision here appropriately cites to the regulations applicable to both Title II and Title XVI, 20 C.F.R. §§ 404.1563 and 416.963. (AR 24-25.)

the record in light of the *Lockwood* factors.

First, the record does not establish that the ALJ was clearly aware of Petitioner's age and the applicable age categories. *Lockwood*, 616 F.3d at 1072. Although the ALJ noted Petitioner's date of birth, the ALJ considered Petitioner's chronological age as of the alleged disability onset date to determine disability. (AR 24.) This was error.

"A claimant's age should be considered at the time of the ALJ's decision," not the onset date. *Little*, 690 F.App'x at 917 ("the ALJ erroneously considered Little's age at the time of her application, rather than at the time the ALJ made her decision."); *Lockwood*, 616 F.3d at 1071 (same). Here, the ALJ's decision makes no mention of Petitioner's age as of the date of the decision or Petitioner's proximity to her fiftieth birthday and the higher age category. Instead, the ALJ concluded that Petitioner met the regulatory definition of a "younger person" based on her age on the alleged onset date. (AR at 24) (citing 20 C.F.R. §§ 404.1563, 416.963).

The ALJ's erroneous consideration of Petitioner's age on the alleged disability onset date, instead of her age on the date of the decision, demonstrates that the ALJ failed to clearly recognize the borderline age situation and failed to consider placing Petitioner in a higher age category. *Id*. This is particularly true here given the length of time from the alleged onset date, June 1, 2015, and the date of the ALJ's decision over three years later, December 11, 2018. *See Janice B.R.*, 2019 WL 4140921, at *3.

Inconsistencies in the ALJ's decision further demonstrate that the ALJ was not clearly aware of the applicable age categories and, consequently, that the ALJ failed to

properly consider how Petitioner's age affected the disability determination. At step five, the ALJ stated:

> The claimant was born on April 18, 1969 and was 46 years old, which is defined as younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

(AR 24.) The ALJ's statement is internally inconsistent with regard to the Petitioner's age of 46, and the age range of 18-44, as identified by the ALJ. Although the ALJ went on to discuss Grid Rule 201.18 which is applicable to a person who is age 46, the inaccuracies in the ALJ's statement, coupled with the ALJ's erroneous use of Petitioner's age on the onset date, demonstrate a lack of clear understanding of the age category relevant to conducting the step five determination.[3]

Respondent maintains the ALJ was aware of Petitioner's age at the time of the decision based on the ALJ's statements at the administrative hearing where he noted Petitioner was forty-nine years of age. (Dkt. 23 at 5.) The Court disagrees.

At the hearing, the ALJ ask Petitioner "how old are you today?" To which Petitioner responded "forty-nine." (AR 40.) In posing the hypotheticals to the vocational expert, the ALJ began with: "We've got someone who is 46 on onset. She's 49 now." (AR 65.) These statements show only that the ALJ was aware of Petitioner's age at the time of the hearing. Importantly, however, there is no mention in the hearing transcript or

---

[3] The age range stated by the ALJ, 18-44, reflects the age breakdown in the Grids matrix correlating to a "younger individual" with sedentary work designations. 20 C.F.R. pt. 404, Subpt. P, App. 2, Table No. 1 (Grids 201.23-201.29 applies to age 18-44, and Grids 201.17-201.22 apply to age 45-49). The age ranges used in the Grids for a "younger individual" are slightly different from the definition of a "younger person" as a person "under age 50," provided in the regulations 20 C.F.R. §§ 404.1563(c), 416.963(c).

in the ALJ's written decision itself of Petitioner's upcoming fiftieth birthday or Petitioner's proximity to the next higher age category.

Indeed, the ALJ clearly considered only the "younger individual" age category at step five. (AR 24-25.) After finding Petitioner's age of 46 on the onset date met the definition of a "younger individual," the ALJ next discussed Grids Rule 201.18 in concluding at step five that a finding of not disabled was appropriate given the Petitioner retained the RFC to perform a full range of sedentary work. (AR 24.) The ALJ expressly limited his consideration of Petitioner's age category to that of a "younger individual" by stating "the only category in the claimant's age range at which the Medical-Vocational Rules deem the claimant 'disabled' requires a finding that the claimant is illiterate or unable to communicate in English…." (AR 25.)

Nothing in the record or the ALJ's decision reflects any discussion or consideration of the next higher age category or Petitioner's age other than her age on the onset date. Unlike *Lockwood*, the ALJ's decision here demonstrates that the ALJ neither recognized nor considered Petitioner's borderline age situation. *Janice B.R.*, 2019 WL 4140921, at *3.

Second, the ALJ's general citation to 20 C.F.R. §§ 404.1563 and 416.963 fails to demonstrate that the ALJ knew he had discretion under subsection (b) of § 404.1563 and 416.963 "to use the older age category after evaluating the overall impact of all the factors of [Petitioner's] case." 20 C.F.R. §§ 404.1563(b) and 416.963(b). Although the ALJ's general citation to § 404.1563, but not specifically to § 404.1563(b), was found to

be sufficient under the circumstances presented in *Lockwood*, other courts have found a general citation to § 404.1563 and § 416.963 to be unclear in determining whether an ALJ considered the borderline age situation. *See Lockwood*, 616 F.3d at 1072; *Jeffrey John C.*, 2021 WL 677900, at *4 (discussing cases).

Here, the ALJ cited 20 C.F.R. §§ 404.1563 and 416.963, without comment, immediately following the ALJ's statement of Petitioner's date of birth, age on the alleged onset date, and definition of a "younger individual." (AR 24.) Considered in this context, the Court finds the ALJ's general citation to 20 C.F.R. §§ 404.1563 and 416.963 was a reference to the regulatory definition for a "younger person," rather than an indication that the ALJ had considered Petitioner's borderline age situation. *See Jeffrey John C.*, 2021 WL 677900, at *4 (concluding the ALJ's general citation to § 416.963 following the reference to plaintiff's age was unclear whether the ALJ specifically considered whether to use the older age category as required by subsection (b)); *Janice B.R.* 2019 WL 4140921, at *4 ("[T]he ALJ's reference to § 404.1563 pertains to Plaintiff's classification as a person closely approaching advanced age in § 404.1563(d) and, at best, the citation is unclear.").[4]

Third, the ALJ's decision appears to be a mechanical application of the age categories devoid of any consideration of the overall impact of Petitioner's age on the

---

[4] Alternatively, the Court finds that, at best, it is unclear here whether the ALJ's general citation to § 404.1563 and § 416.963 reflects his consideration of the borderline age situation. *See e.g.*, *Janice B. R.*, 2019 WL 4140921, at *4. Remand is therefore appropriate to allow the ALJ to consider Petitioner's borderline age situation and, after having done so, determine whether to Petitioner would be disabled in the first instance.

vocational factors. On this point, Respondent contends the ALJ's reliance on testimony from the vocational expert after advising the vocational expert of Petitioner's age at the time of the hearing supports the conclusion that the ALJ did not apply the age categories mechanically. (Dkt. 23 at 5-6.) The record does not support such a finding, however.

Although the ALJ advised the vocational expert that Petitioner was 49 at the time of the hearing, there is no indication that either the ALJ or the vocational expert gave any consideration to the borderline age issue. The ALJ's hypotheses and the vocational expert's testimony applied only the "younger individual" age category. There was no mention of Petitioner's borderline age situation or any discussion regarding Petitioner's vocational factors as a person in the next higher age category.

Even if the ALJ's recognition of Petitioner's age at the time of the hearing and reliance on the vocational expert's testimony provide some indication that the ALJ recognized that the borderline age issue was present, the Court finds the other *Lockwood* factors are more indicative of the ALJ's failure to consider the borderline age issue when viewing the record in its entirety. In particular, the ALJ erroneously considered Petitioner's age at the alleged onset date in making the step five determination. *Jeffrey John C.*, 2021 WL 677900, at *5. Based on the foregoing, the Court finds the ALJ erred by failing to consider the borderline age situation.

Additionally, Petitioner argues that after *Lockwood* was decided, the Program Operations Manual System (POMS) and Hearings, Appeals and Litigation Law manual (HALLEX) were amended to require the ALJ to "explain in the decision how he or she

**MEMORANDUM DECISION AND ORDER - 13**

considered the borderline age situation" and to "note the specific factor(s) he or she considered." (Dkt. 22 at 6-7) (quoting POMS DI 25015.006; HALLEX I-2-2-42). Petitioner also relies on Social Security Regulation (SSR) 13-2p, which was issued after *Lockwood*, and provides: "[w]e require adjudicators at all levels of administrative review to follow Agency policy as set forth in the regulations, SSRs, POMS, and HALLEX...." SSR 13-2p(15)(a).

Respondent disagrees, arguing there is no requirement that the ALJ make an express finding regarding the borderline age situation, and that the POMS and HALLEX are merely persuasive agency guidance and interpretation manuals. (Dkt. 23 at 6.) Respondent maintains that *Lockwood* remains the applicable standard on this issue, requiring only that the ALJ consider whether to use the higher age category.

Courts considering this issue have reached differing results. *See Jeffrey John C.*, 2021 WL 677900, at *5 (comparing cases); *Steven B.C.*, 452 F.Supp.3d at 961-64 (holding the ALJ erred by failing to explain the borderline age situation); *Janice B.R.*, 2019 WL 4140921, at *5 (declining to decide the issue because the *Lockwood* factors were sufficient to decide the issue); *Black v. Berryhill*, 1:17-cv-01208-SKO, 2018 WL 6184605, at * 12-13 (E.D. Cal. Nov. 27, 2018) (concluding petitioner failed to demonstrate why further explanation by the ALJ was required based on the POMS where the ALJ's decision satisfied the *Lockwood* factors).

Here, the Court need not resolve the question of whether the POMS and HALLEX required the ALJ to provide an explanation of the borderline age situation because, as

discussed above, there is insufficient evidence in the record demonstrating that the ALJ considered whether to use the higher age category based on the *Lockwood* factors.[5] The ALJ's failure to properly consider Petitioner's borderline age situation constitutes reversable error. *Jeffrey John C.*, 2021 WL 677900, at *6. Petitioner requests reversal of the ALJ's decision and remand for further administrative proceedings consistent with this opinion.[6] Accordingly, the Court will grant the Petition and remand this matter for further proceedings.

---

[5] Having found that remand is warranted based on the first issue, the Court declines to address Petitioner's remaining issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008).

[6] Notably, Respondent did not argue that any error by the ALJ in failing to consider the next higher age category was harmless. (Dkt. 23.) Nevertheless, the Court notes that the Grid Rules applicable to the next higher age category of "closely approaching advanced age" direct a finding of disabled in at least three categories for individuals with an RFC of sedentary work rather than in only one category for "younger individuals." Thus, remand is appropriate to allow the ALJ to consider Petitioner's borderline age at step five in the first instance.

**MEMORANDUM DECISION AND ORDER - 15**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)      Plaintiff's Petition for Review (Dkt. 1) is **GRANTED**.

2)      This action shall be **REMANDED** to the Commissioner for further

proceedings consistent with this opinion.

3)      This Remand shall be considered a "sentence four remand,"

consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852,

854 (9th Cir. 2002).

DATED: July 21, 2021

Honorable Candy W. Dale
Chief United States Magistrate Judge